**FILED**

APR 21 2021

**MAGISTRATE JUDGE
JEFFREY T. GILBERT**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**vs.**

**ANDRZEJ LAJEWSKI,
aka Andrew Lajewski,
AGNIESZKA SIEKOWSKI,
aka Agnes Siekowski,
ALDONA BOBROWICZ, and
ANDRZEJ BUKOWSKI,**

　　　　**Defendants.**

_____/

**CRIMINAL CASE NO. 21 CR 64
HONORABLE JEFFREY T. GILBERT**

### AFFIDAVIT IN SUPPORT OF REQUEST FOR
### EXTRADITION OF ANDRZEJ BUKOWSKI

I, Kalia Coleman, being duly sworn, hereby depose and state:

1.　　　I am a citizen of the United States of America, working in Chicago, Illinois.

2.　　　In June 2010, I received a Juris Doctor degree from Loyola University Chicago School of Law and was admitted to the Bar of the State of Illinois in November 2010. From August 2010 until February 2016, I was employed as an Assistant State's Attorney at the Cook County State's Attorney's Office in Illinois.

3.　　　From February 2016 until the present, I have been employed by the United States Department of Justice as an Assistant United States Attorney for the Northern District of Illinois. As an Assistant United States Attorney, my duties are to prosecute persons charged with criminal violations of the laws of the United States. I have personally represented the United States in cases against approximately 70 defendants charged with violations of federal criminal laws.

Based upon my training and experience, I am an expert in the criminal laws and procedures of this district and the United States.

4.      I am currently assigned to the Criminal Division of the United States Attorney's Office for the Northern District of Illinois.   During my practice as an Assistant United States Attorney, I have become particularly knowledgeable in that area of criminal law relating to violations of federal statutes concerning bank fraud.

5.      I am the Assistant United States Attorney currently assigned to represent the United States of America in the prosecution of ANDRZEJ BUKOWSKI (hereinafter "BUKOWSKI") in the Northern District of Illinois. In the course of my official duties, I have become familiar with the charges and evidence in the case against BUKOWSKI, which arose out of an investigation into an effort to commit bank fraud through a mortgage fraud scheme from June 2010 through April 2016.

6.      The United States of America seeks the extradition of BUKOWSKI from Poland for prosecution in the United States District Court in the Northern District of Illinois, Case Number 21 CR 64-4, *United States v. Andrzej Lajewski et al.*

7.      BUKOWSKI and other individuals participated in a scheme to defraud financial institutions by fraudulently obtaining mortgage loans to purchase properties located in Chicago, Illinois.   The mortgage loans were insured by the United States Department of Housing and Urban Development ("HUD"), through the Federal Housing Administration ("FHA"), which provided insurance guaranteed by the United States government to private lending institutions that financed federally-insured mortgage loans to qualified borrowers.   Specifically, as part of the scheme, BUKOWSKI and his co-defendants caused buyers to fraudulently obtain FHA-insured mortgage loans from financial institutions in a total amount of at least $3 million by making and

causing to be made materially false representations in documents submitted to the financial institutions, including loan applications, bank statements, gift letters, pay stubs, and HUD-1 settlement statements, concerning among other things, the buyers' employment, income, assets, source of down payment, and intention to occupy the property purchased as a primary residence. This information was material to the lenders' decision to fund the mortgage loans and FHA's decision to insure the mortgage loans. As part of the scheme, BUKOWSKI fraudulently obtained a mortgage loan to purchase a property by submitting false information about his intention to occupy the property as a primary residence and the source of the gift funds for his down payment. BUKOWSKI also provided a buyer with funds to use for that buyer's down payment to purchase a property from his company, AB Management & Remodeling, when he knew the source of the buyer's down payment was falsely stated to the lender. BUKOWSKI knew that he would receive back the funds provided for the down payment when he received the proceeds from the sale. Additionally, BUKOWSKI provided buyers with funds for the down payments on other properties, when he knew these funds had been fraudulently represented to financial institutions as having come from the buyers or as gifts from relatives or close friends. As further part of the scheme, BUKOWSKI at times received proceeds from the sale of the properties and disbursed those proceeds both to compensate co-schemers and to reimburse individuals who provided down payment funds on behalf of buyers.

## THE CHARGES

8. An indictment is a formal accusation issued by a grand jury, which is composed of sixteen to twenty-three citizens of the United States whom the United States District Court selects at random from the residents of the Northern District of Illinois. The grand jury is an independent body whose purpose is to view the evidence of crimes presented to it by United States law

enforcement authorities. After the grand jury returns the indictment, a warrant for the defendant's arrest is issued by the Clerk of Court or her deputy.

9. On January 28, 2021, a federal grand jury sitting in the Northern District of Illinois returned an Indictment in Criminal Case Number 20 CR 64 against BUKOWSKI. The eleven-count Indictment charges BUKOWSKI with bank fraud, in violation of Title 18, United States Code, Section 1344 (Counts Five through Nine and Eleven). The maximum penalty for violations of the offenses charged in Counts Five through Nine and Eleven of the indictment is a term of imprisonment of not more than 30 years imprisonment, a fine not to exceed $1,000,000, or both. In addition, BUKOWSKI is named in a forfeiture allegation citing Title 18, United States Code, Section 982(a)(2)(A). The defendant has not been previously prosecuted or convicted for any of the offenses for which extradition is sought, nor has he been ordered to serve any sentence for any of the offenses subject to this request.

10. On January 29, 2021, a warrant for the arrest of BUKOWSKI was issued by the United States District Court for the Northern District of Illinois for the offenses charged in the Indictment. This warrant remains valid and executable.

11. It is the practice of the United States District Court for the Northern District of Illinois to retain the original Indictment, and to file it with the Clerk of the Court. I have therefore obtained a certified true and accurate copy of the Indictment from the Clerk of the Court, and have attached it to this affidavit as **Exhibit A**. I also have attached a certified true and accurate copy of the arrest warrant as **Exhibit B**.

12. BUKOWSKI is charged in Counts Five through Nine and Eleven with devising and participating in a scheme to defraud financial institutions. Under United States law, a scheme is simply a plan intended to deprive another of property in violation of a criminal statute. In the

case of Counts 5 through 9 and 11 of the Indictment, BUKOWSKI acted with other individuals to participate in a scheme to defraud financial institutions. In order to convict BUKOWSKI of the offenses charged in the indictment, the United States must prove, beyond a reasonable doubt, that: (1) there was a scheme to defraud a financial institution or to obtain moneys, funds, credits, assets, securities, or other property owned by or in the custody or control of, a financial institution by means of false and fraudulent pretenses, representations, and promises; and 2) the defendant knowingly executed the scheme; and (3) the defendant acted with the intent to defraud; and (4) the scheme involved a materially false or fraudulent pretense, representation, or promise; and (5) at the time of the charged offense, the lender was a mortgage lending business that financed or refinanced any debt secured by an interest in real estate and whose activities affected interstate or foreign commerce. In this case, the evidence shows that BUKOWSKI participated in a scheme to defraud financial institutions by assisting buyers with fraudulently securing government insured mortgage loans

13.     The Indictment includes a forfeiture allegation pursuant to Title 18, United States Code, Section 982(a)(2)(A). Pursuant to these allegations, if convicted of the violations charged in Counts Five through Nine and eleven of the Indictment, BUKOWSKI would forfeit any and all property constituting, or derived from, proceeds obtained as a result of said violations or any property involved in said violations, including a personal money judgment in the amount of $3,012,335. Forfeiture would also extend to substitute property as charged in the Indictment, pursuant to Title 21, United States Code, Section 853(p).

16.     The United States will prove its case via the following evidence against BUKOWSKI including, but not limited to, bank records, lender files, tax documents, email communications, and witness testimony.

17.     The portions of the statutes relevant to this case are annexed to this affidavit as **Exhibit C**.   The statutes were duly enacted and in force at the time the offenses were committed and at the time the Indictment was returned.   The statutes remains in full force and effect.   A violation of Title 18, United States Code, Section 1344 constitutes a felony under the laws of the United States.

18.     I have also included, as part of **Exhibit C**, the true and accurate text of Title 18, United States Code, Section 3293, which is the statute of limitations for the crimes charged in the Indictment.   The statute of limitations requires that a defendant be formally charged within ten years of the date on which the offense or offenses were committed.   Once an indictment has been filed in a federal district court, as with the charges against BUKOWSKI the statute of limitations is tolled and no longer runs.   The reason for this is to prevent a criminal from escaping justice by simply hiding out and remaining a fugitive for a long period.

19.     I have thoroughly reviewed the applicable statute of limitations.   Since the applicable statute of limitations is ten years, and the Indictment was filed on January 28, 2021 which charges a bank fraud scheme occurring through April 2016, BUKOWSKI was formally charged within the prescribed ten-year time period.   The prosecution of the charges in this case, therefore, is not barred by the statute of limitations.

20.     Attached as **Exhibit D** is the affidavit of Special Agent Andrea Warne who provides additional information regarding the facts of this case.   Attached as **Exhibit D-1** is a photograph of BUKOWSKI.

22.    Should Polish authorities require supplementary information in order to grant the

extradition, I ask for a reasonable time to provide it in accordance with Article 13 of the Treaty.


*Kalia Coleman*
KALIA COLEMAN
JASON YONAN
Assistant United States Attorneys

Sworn to and Affirmed by Telephone on April 21, 2021.


_____
UNITED STATES MAGISTRATE JUDGE

## LIST OF EXHIBITS

A.      Indictment issued on January 28, 2021

B.      Warrant for Arrest of Andrzej Bukowski dated January 29, 2021

C.      Relevant Statutes

D.      Affidavit of Special Agent Andrea Warne, Department of Housing and Urban Development

D-1.    Photo of Andrzej Bukowski

**FILED** SH
1/28/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. **21-CR-64** |
| v. | ) |
| | ) Violation: Title 18, United States Code, |
| | ) Section 1344 |
| ANDRZEJ LAJEWSKI, | ) |
| a/k/a Andrew Lajewski, | ) |
| AGNIESZKA SIEKOWSKI, | ) **Judge Martha M. Pacold** |
| a/k/a Agnes Siekowski, | ) **Magistrate Judge Sheila M. Finnegan** |
| ALDONA BOBROWICZ, and | ) |
| ANDRZEJ BUKOWSKI | ) |

**COUNT ONE**

The SPECIAL JANUARY 2020 GRAND JURY charges:

1.    At times material to this indictment:

   a.    Defendant ANDRZEJ LAJEWSKI recruited buyers to obtain
mortgage loans to purchase properties on Chicago's south side. Defendant LAJEWSKI
also owned and controlled companies that purported to rehab and manage these properties,
including Highland Consulting Corporation and Quality Management and Remodeling,
Inc.

   b.    Defendant AGNIESZKA SIEKOWSKI worked with licensed loan
originators to qualify buyers for mortgage loans and to refinance those mortgage loans.

   c.    Defendant ALDONA BOBROWICZ was a loan processor who
worked at various mortgage brokerage firms.

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ ANTHONY J. SQUILLANTE
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
April 15, 2021

    d.    Defendant ANDRZEJ BUKOWSKI owned and controlled AB Management & Remodeling, Inc., which owned 7022 S. Carpenter Street, Chicago, Illinois.

    e.    Primary Residential Mortgage, Inc., Directors Financial Group, American Fidelity Mortgage, Inc., Pacific Union Financial, LLC, Peoples Home Equity, PMAC Lending Services, Inc., and HomeBridge Financial Services, Inc., were financial institutions, specifically mortgage lending businesses that financed or refinanced debt secured by an interest in real estate and whose activities affected interstate commerce.

    f.    Mortgage lending businesses required applicants for mortgage loans, or applicants seeking to refinance mortgage loans, to provide truthful information, including truthful information and truthful supporting documentation about the applicant's financial condition, employment, income, assets, source of down payment, and intention to occupy the property, which information was material to lenders' approval, terms, and funding of loans.

    g.    The United States Department of Housing and Urban Development, through the Federal Housing Administration, provided insurance guaranteed by the United States government to private lending institutions that financed federally-insured mortgage loans to qualified borrowers. Information about the borrower's financial condition, assets, employment, income, intention to occupy the property, and source of down payment was material to the Federal Housing Administration's decision to insure mortgage loans, including the information contained in HUD-1 settlement statements, loan applications, and other supporting documentation such as bank statements, gift letters, and pay stubs.

2.      Beginning no later than in or about June 2010, and continuing until in or about April 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski,
ALDONA BOBROWICZ, and
ANDRZEJ BUKOWSKI,

defendants herein, knowingly participated in a scheme to defraud financial institutions and to obtain money and funds owned by and under the custody and control of financial institutions by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3.      It was part of the scheme that defendants ANDRZEJ LAJEWSKI, AGNIESZKA SIEKOWSKI, ALDONA BOBROWICZ, and ANDRZEJ BUKOWSKI caused buyers to fraudulently obtain mortgage loans from financial institutions in a total amount of at least $3 million by making and causing to be made materially false representations in documents submitted to the financial institutions, including loan applications, bank statements, gift letters, pay stubs, and HUD-1 settlement statements, concerning, among other things, the buyers' employment, income, assets, source of down payment, and intention to occupy the property purchased as a primary residence.

4.      It was further part of the scheme that defendant ANDRZEJ LAJEWSKI recruited and caused to be recruited individuals to serve as buyers to purchase properties, including properties in Chicago, Illinois located at: 115 S. Parkside Avenue, 7225 S. Champlain Avenue, 6507 S. Wolcott Avenue, 6430 S. Green Street, 6517 S. Peoria Street, 5537 S. Loomis Blvd., 6616 S. Green Street, 5344 S. Aberdeen Street, 5007 S. Bishop

Street, 5935 S. Justine Street, 7022 S. Carpenter Street, 6836 S. Bishop Street, and 5630 S. Peoria Street, knowing that the buyers would be fraudulently qualified for mortgage loans to purchase the properties.

5.    It was further part of the scheme that defendants ANDRZEJ LAJEWSKI and AGNIESZKA SIEKOWSKI prepared and submitted, and caused to be prepared and submitted, to financial institutions loan applications for buyers that defendants LAJEWSKI and SIEKOWSKI knew contained false and fraudulent information about the buyers' qualifications for mortgage loans, including false and fraudulent information about the buyers' income, employment, assets, source of down payment, and intention to occupy the property purchased as a primary residence.

6.    It was further part of the scheme that defendants ANDRZEJ LAJEWSKI, AGNIESZKA SIEKOWSKI, and ALDONA BOBROWICZ knowingly caused to be submitted to financial institutions fraudulent documents that supported the false information contained in loan applications, including fraudulent paystubs, gift letters, bank statements, and W-2 Wage and Tax Statements.

7.    It was further part of the scheme that defendants ANDRZEJ LAJEWSKI, AGNIESZKA SIEKOWSKI, and ALDONA BOBROWICZ created and caused to be created certain fictitious documents, including altered bank statements which fraudulently inflated the amount of money in the buyers' bank accounts, and fictitious pay stubs with false information about the buyers' employment and earnings, knowing that such documents would be submitted to financial institutions for buyers to obtain mortgage loans.

4

8.     It was further part of the scheme that defendants ANDRZEJ LAJEWSKI and AGNIESZKA SIEKOWSKI knowingly caused defendant LAJEWSKI's companies, Highland Consulting Corporation and Quality Management and Remodeling, to be placed on loan applications as the employer for certain buyers, when they knew the buyers were not employed at defendant LAJEWSKI's companies.

9.     It was further part of the scheme that defendant ANDRZEJ LAJEWSKI fraudulently verified, and caused to be verified, to representatives of lenders that buyers were employed at his companies, when he knew that was untrue, so that the buyers would fraudulently qualify for mortgage loans.

10.     It was further part of the scheme that defendant ANDRZEJ LAJEWSKI recruited other individuals who owned businesses to fraudulently verify that buyers were employed at those businesses, when defendant LAJEWSKI knew that the buyers were not employed at those businesses and that false information had been submitted about the buyers' employment at those businesses in order to qualify buyers for mortgage loans.

11.     It was further part of the scheme that defendants ANDRZEJ LAJEWSKI, AGNIESZKA SIEKOWSKI, and ALDONA BOBROWICZ caused to be prepared and submitted to financial institutions fraudulent gift letters that they knew falsely reflected that certain individuals who purportedly were related to or close friends with the buyers were providing the buyers with gifts to be applied toward the down payments on the properties, when in fact they knew those gift letters were false and the down payments were not coming from relatives or close friends of the buyers.

12. It was further part of the scheme that defendant ALDONA BOBROWICZ obtained a mortgage loan to purchase a property located at 5007 S. Bishop Street, knowing that she submitted and caused to be submitted false information in order to obtain the mortgage loan, including false information about her employment, income, intention to occupy the property as a primary residence, and source of gift funds for her down payment.

13. It was further part of the scheme that defendant ANDRZEJ BUKOWSKI obtained a mortgage loan to purchase a property at 6616 S. Green Street, knowing that he submitted and caused to be submitted false information in order to obtain the mortgage loan, including false information about his intention to occupy the property as a primary residence and the source of gift funds for his down payment.

14. It was further part of the scheme that defendant ANDRZEJ BUKOWSKI provided a buyer with funds to use for that buyer's down payment to purchase 7022 S. Carpenter Street from defendant BUKOWSKI's company, AB Management & Remodeling, knowing that the source of the buyer's down payment was falsely stated to the lender and knowing that he would receive back the funds he provided for the down payment when he received the proceeds from the sale.

15. It was further part of the scheme that defendants ANDRZEJ LAJEWSKI and ANDRZEJ BUKOWSKI, individually and together, provided and caused others to provide funds to buyers or to individuals purportedly providing gifts to buyers, knowing that these funds would be used as the buyers' down payments, and knowing that these funds had been fraudulently represented to financial institutions as having come from the buyer themselves or from relatives or close friends purportedly providing gifts to the buyers.

16.    It was further part of the scheme that defendants ANDRZEJ LAJEWSKI and AGNIESZKA SIEKOWSKI caused buyers to falsely state that they were going to live in the properties they were purchasing as their primary residence, when defendants LAJEWSKI and SIEKOWSKI knew that was untrue and that defendant LAJEWSKI was going to rent out the properties.

17.    It was part of the scheme that defendants ANDRZEJ LAJEWSKI and AGNIESZKA SIEKOWSKI caused buyers to refinance properties, and caused false information and documentation to be submitted during that process, including false information that the buyers intended to and were living in the properties, and altered bank statements that fraudulently listed the buyers' address as the property being refinanced.

18.    It was further part of the scheme that defendants ANDRZEJ LAJEWSKI and ANDRZEJ BUKOWSKI at times received proceeds from the sale of properties, and disbursed those proceeds both to compensate co-schemers and to reimburse individuals who provided down payment funds on behalf of the buyers.

19.    It was further part of the scheme that defendants ANDRZEJ LAJEWSKI, AGNIESZKA SIEKOWSKI, ALDONA BOBROWICZ, and ANDRZEJ BUKOWSKI did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

20. On or about April 13, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,

defendant herein, knowingly executed and attempted to execute the scheme to defraud by causing Primary Residential Mortgage, Inc., a financial institution, to fund a mortgage loan in the amount of approximately $291,420 for a buyer's purchase of 6507 S. Wolcott Avenue;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.      On or about December 31, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski, and
ALDONA BOBROWICZ,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Directors Financial Group, a financial institution, to fund a mortgage loan in the amount of approximately $292,602 for a buyer's purchase of 6430 S. Green Street;

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.     On or about March 11, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski, and
ALDONA BOBROWICZ,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Directors Financial Group, a financial institution, to fund a mortgage loan in the amount of approximately $279,837 for a buyer's purchase of 6517 S. Peoria Street;

In violation of Title 18, United States Code, Section 1344.

## COUNT FOUR

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.     On or about June 24, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski, and
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Directors Financial Group, a financial institution, to fund a mortgage loan in the amount of approximately $279,837 for a buyer's purchase of 5537 S. Loomis Boulevard;

In violation of Title 18, United States Code, Section 1344.

### COUNT FIVE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.     On or about July 23, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski, and
ANDRZEJ BUKOWSKI,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing American Fidelity Mortgage Services, Inc., a financial institution, to fund a mortgage loan in the amount of approximately $288,674 for defendant Bukowski's purchase of 6616 S. Green Street;

In violation of Title 18, United States Code, Section 1344.

## COUNT SIX

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.      On or about August 18, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski, and
ANDRZEJ BUKOWSKI,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Pacific Union Financial, LLC, a financial institution, to fund a mortgage loan in the amount of approximately $270,019 for a buyer's purchase of 5344 S. Aberdeen Street;

In violation of Title 18, United States Code, Section 1344.

## COUNT SEVEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.     On or about September 4, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski,
ALDONA BOBROWICZ, and
ANDRZEJ BUKOWSKI,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Peoples Home Equity, a financial institution, to fund a mortgage loan in the amount of approximately $255,290 for defendant Bobrowicz's purchase of 5007 S. Bishop Street;

In violation of Title 18, United States Code, Section 1344.

### COUNT EIGHT

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.     On or about October 31, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski, and
ANDRZEJ BUKOWSKI,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Peoples Home Equity, a financial institution, to fund a mortgage loan in the amount of approximately $202,500 for a buyer's purchase of 5935 S. Justine Street;

In violation of Title 18, United States Code, Section 1344.

## COUNT NINE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.    On or about February 24, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski, and
ANDRZEJ BUKOWSKI,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing PMAC Lending Services, Inc., a financial institution, to fund a mortgage loan in the amount of approximately $198,750 for a buyer's purchase of 7022 S. Carpenter Street;

In violation of Title 18, United States Code, Section 1344.

## COUNT TEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.     On or about June 25, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski, and
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing HomeBridge Financial Services, Inc., a financial institution, to fund a mortgage loan in the amount of approximately $271,855 for a buyer's refinancing of 5344 S. Aberdeen Street;

In violation of Title 18, United States Code, Section 1344.

### COUNT ELEVEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 19 of this indictment are incorporated here.

2.      On or about September 4, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRZEJ LAJEWSKI, a/k/a Andrew Lajewski,
AGNIESZKA SIEKOWSKI, a/k/a Agnes Siekowski, and
ANDRZEJ BUKOWSKI,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing HomeBridge Financial Services, Inc., a financial institution, to fund a mortgage loan in the amount of approximately $195,000 for a buyer's purchase of 6836 S. Bishop Street;

In violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2020 GRAND JURY further alleges:

1.     Upon conviction of an offense in violation of Title 18, United States Code, Section 1344, as set forth in this indictment, defendants shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 982(a)(2)(A).

2.     The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $3,012,335.

3.     If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____

FOREPERSON

_____
Signed by Erika Csicsila on behalf of the
UNITED STATES ATTORNEY

ILND 442 (Rev. 11/16) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois Eastern Division

| | | |
|---|---|---|
| United States of America | ) | Case No. **21cr64-4** |
| | ) | |
| v. | ) | |
| | ) | |
| Lajewski et al | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ ANTHONY J. SQUILLANTE
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
April 15, 2021

## BENCH WARRANT

**To:**   Any authorized law enforcement officer

YOU ARE COMMANDED to arrest and bring Andrzej Bukowski before a United States magistrate judge without unnecessary    delay, who is accused of an offense or violation based on the following document filed with the court:

☒ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint

☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Offense: BANK FRAUD                    Title:          U.S.C:
                                              18               1344

THOMAS G. BRUTON, CLERK

*Nadine Chirley*

(By) DEPUTY CLERK

January 29, 2021

DATE

ILND 442 (Rev. 11/16) Arrest Warrant page 2

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

*Case No.* **21cr64-4**

| Return |
|--------|

This warrant was received on *(date)* _____, the person was arrested on *(date)* _____

at *(city and state)* _____.

Date:_____

_____
*Arresting officer's signature*

_____
*Printed name and title*

ILND 442 (Rev. 11/16) Arrest Warrant page 3

**This page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:_____

Known aliases:_____

Last known residence:_____

Prior addresses to which defendant/offender may still have ties:_____

_____

Last known employment:_____

Last known telephone numbers:_____

Place of birth:_____

Date of birth: _____

Social Security number:_____

Height:_____ Weight:_____

Sex:_____ Race:_____

Hair:_____ Eyes:_____

Scars, tattoos, other distinguishing marks:_____

_____

_____

History of violence, weapons, drug use:_____

Known family, friends, and other associates *(name, relation, address, phone number)*:_____

_____

FBI number:_____

Complete description of auto:_____

Investigative agency and address: _____

Name and telephone numbers (office and cell) of pretrial services or probation officer (if applicable):_____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

_____

_____

## RELEVANT LEGAL PROVISIONS

**Exhibit C** contains the applicable portions of the statute describing the offenses with which ANDRZEJ BUKOWSKI is charged, the statute of limitations, and the penalties BUKOWSKI faces if convicted. Asterisks are used to indicate portions of the statutes which are omitted because these portions do not apply to the case against BUKOWSKI.

**Title 18, United States Code, Section 1344**

**Bank fraud.**

Whoever knowingly executes, or attempts to execute, a scheme or artifice—

    (1) to defraud a financial institution; or

    (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

* * *

**Title 18, United States Code, Section 3293**

**Financial Institution Offenses.**

No person shall be prosecuted, tried, or punished for a violation of, or a conspiracy to violate—

    (1) Section 215, 656, 657, 1005, 1006, 1007, 1014, 1033, or 1344

***

unless the indictment is returned or the information is filed within 10 years after the commission of the offense.

***

## Title 18, United States Code, Section 982

**Criminal Forfeiture.**

(a)(2) the court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—
(A) section 215, 656, 657, 1005, 1006, 1007, 1014, 1341, 1343, or 1344 of this title, affecting a financial institution, or
(B) section 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 555, 842, 844, 1028, 1029, or 1030 of this title,

shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

\* \* \*

## **Title 21, United States Code, Section 853**

**Criminal Forfeitures.**

(p)Forfeiture of substitute property
(1)In general
Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant—
(A)cannot be located upon the exercise of due diligence;
(B)has been transferred or sold to, or deposited with, a third party;
(C)has been placed beyond the jurisdiction of the court;
(D)has been substantially diminished in value; or
(E)has been commingled with other property which cannot be divided without difficulty.
(2)Substitute property
In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

                                      **CRIMINAL CASE NO. 21 CR 64**
**vs.**                             **HONORABLE JEFFREY T. GILBERT**

**ANDRZEJ LAJEWSKI,**
aka Andrew Lajewski,
**AGNIESZKA SIEKOWSKI,**
aka Agnes Siekowski,
**ALDONA BOBROWICZ, and**
**ANDRZEJ BUKOWSKI,**

       **Defendants.**

_____/

## AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION

I, Andrea Warne, being duly sworn, depose, and state:

1.     I am a citizen of the United States.

2.     I make this affidavit in support of the request of the United States of America to the Republic of Poland for the extradition of ANDRZEJ BUKOWSKI.

3.     I am a Special Agent employed by the United States Department of Housing and Urban Development ("HUD"), Office of Inspector General ("OIG") assigned to the Chicago, Illinois Field Division. I have been employed by HUD-OIG for approximately twelve years. The HUD-OIG conducts investigations involving crimes against the United States. Based on my training and experience, I have become knowledgeable about criminal activity, particularly violations of the federal statutes concerning bank fraud.

4.     My duties as a HUD Special Agent include the investigation of ANDRZEJ

BUKOWSKI (hereinafter "BUKOWSKI") in the case of *United States v. Andrzej Lajewski et al*, Criminal Case Number 21 CR 64-4. As the lead investigator, I am familiar with the facts and evidence in the investigation involving the criminal activities of BUKOWSKI.

5. The information contained in this affidavit is based, in part, on my personal knowledge and observations during the course of this investigation, information provided to me by other law enforcement agents, and a review of various documents and records. Additionally, this affidavit is based upon my training and experience as well as that of other law enforcement agents working with me in this investigation. The dates listed in the affidavit should be read as "on or about" dates. This affidavit is intended to show that there is sufficient evidence for extradition and does not purport to set forth all of the information about which I, or collectively, the other law enforcement agents involved in this investigation, have regarding this investigation and criminal case.

6. BUKOWSKI is charged in an indictment dated January 28, 2021, with bank fraud.

7. In approximately November 2015, HUD-OIG obtained information from a suspect in another mortgage fraud investigation that borrowers were fraudulently obtaining qualification for United States government-insured mortgage loans to purchase properties in Chicago, Illinois.

8. During the course of the investigation, HUD agents interviewed numerous individuals, including the buyers of the properties. In addition, I also reviewed lender and title files, bank records, and email communications between various co-schemers, which corroborate information provided during interviews.

9. Based on my investigation, I have determined that BUKOWSKI and other individuals participated in a scheme to defraud financial institutions by fraudulently obtaining mortgage loans to purchase properties located in Chicago, Illinois. The mortgage loans were

insured by HUD, through the Federal Housing Administration ("FHA"), which provided insurance guaranteed by the United States government to private lending institutions that financed federally-insured mortgage loans to qualified borrowers. Specifically, as part of the scheme, BUKOWSKI and his co-defendants caused buyers to fraudulently obtain FHA-insured mortgage loans from financial institutions in a total amount of at least $3 million by making and causing to be made materially false representations in documents submitted to the financial institutions, including loan applications, bank statements, gift letters, pay stubs, and HUD-1 settlement statements, concerning among other things, the buyers' employment, income, assets, source of down payment, and intention to occupy the property purchased as a primary residence. This information was material to the lenders' decision to fund the mortgage loans and FHA's decision to insure the mortgage loans.

10.     Specifically, information from witnesses and a review of loan file documents revealed that BUKOWSKI fraudulently obtained a mortgage loan to purchase a property by submitting false information about his intention to occupy the property as a primary residence and the source of the funds for his down payment. Witnesses also informed me that BUKOWSKI provided a buyer with funds to use for that buyer's down payment to purchase a property from his company, AB Management & Remodeling, and also provided funds to other buyers that were used as down payments for other properties. BUKOWSKI knew the source of the buyer's down payment was falsely stated to the lender and financial institutions as having come from the buyers or as gifts from relatives or friends. Bank records show that after BUKOWSKI and his company, AB Management & Remodeling, received proceeds from the sale of the properties, he disbursed those proceeds both to compensate co-schemers and others.

11.     BUKOWSKI is a citizen of Poland.  He was born on October 12, 1954.  He is

the holder of Poland passport number AU0365099. He is described as 6 feet and one inch tall, 201 pounds in weight, with brown hair and blue eyes. BUKOWSKI was in the U.S. until deported to Poland on or about August 19, 2016.

12.     Appended to this affidavit as **Exhibit D-1** is a photograph of BUKOWSKI. During the investigation, I obtained at least four title files from various title companies related to Bukowski's purchase and refinance of mortgage loans that contained a copy of Bukowski's Illinois Driver's License reflecting B220-0005-4291 and date of birth 10/12/1954. The driver's licenses in the title company files are the same as Bukowski's license that was provided by the Illinois Secretary of State.   Based on my investigative experience, I know that title companies obtain copies of driver's licenses of the borrowers who attend real estate closings.   I can identify the person in **Exhibit D-1** as being the same person identified as BUKOWSKI by comparing the title company records and the Illinois Secretary of State records obtained during this investigation.

ANDREA WARNE
Special Agent
United States Department of Housing and Urban
Development, Office of Inspector General

Sworn to and Affirmed by Telephone on April 21, 2021.

UNITED STATES MAGISTRATE JUDGE

